UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MARVIN KING, JR.                                                      CIVIL ACTION

VERSUS                                                                       NO.  14-2404

RC OFFSHORE, L.L.C.                                                 SECTION "N" (4)

## **ORDER AND REASONS**

Before the Court is the "Motion *in Limine* to Exclude the Expert Report and Testimony of Donald J. Green" (Rec. Doc. 22), filed by Defendant RC Offshore, LLC.  The motion is opposed by the Plaintiff, Marvin King, Jr. (Rec. Doc. 23), and a reply memorandum in support has been filed (Rec. Doc. 27).

Plaintiff intends to call as an expert Commander Don Green, in support of establishing the Defendant's liability.  Green is offered as an expert in the field of various marine activities, including service aboard vessels, inspection and examination of vessels, and the roles of various marine personnel such as vessel captains.  Green submitted a report in this matter dated October 21, 2015 (attached to Defendant's Memorandum in Support, Rec. Doc. 22-2).  In his report, Green sets forth the following opinions to be offered at trial:

1

    4.1     Subject to receiving additional information or records it is my opinion the cause of this incident was the failure of the operator of the *CHRIS R* to maintain a steady vessel during the personnel swing rope transfer. The available evidence is that as Mr. King was in the process of swinging on the swing rope attached to the platform to the *CHRIS R*, the vessel moved away from the platform causing Mr. King to injure his left shoulder as he landed on the stern platform of the vessel. Had the *CHRIS R* maintained its position near the platform, it is more likely than not that this incident would not have occurred. The failure of the *CHRIS R* to maintain its position as personnel, in this case Mr. King, were in the process of swinging across from the platform to the vessel was the direct cause of this incident.

    4.2     It is my opinion that the operator of the *CHRIS R* was negligent for moving his vessel away from the platform as Mr. King was in the process of swinging across. It is the duty and responsibility of the vessel to maintain a steady position during swing rope transfers, which the vessel operator did not do in this case.

    4.3     Subject to receiving additional information or records it is my opinion that there is no evidence or information that the actions or omissions of Mr. King either caused or contributed to this incident.

Defendant RC Offshore, LLC objects to all three opinions, on grounds that they offer legal opinions or relate to the ultimate questions of fact to be submitted to the jury, and that the opinions are based upon incorrect or controverted evidence such as the testimony of various witnesses who refute the factual statements in Green's report.

      The Court has reviewed in detail the expert report of Green, the axiomatic principles of Federal Rule of Evidence 702 and jurisprudence adequately recited by both sides in their Memoranda, as well as the arguments set forth by counsel. The Court initially notes that defendant does not appear to object to Green's qualifications as an expert. Given his vast experience set forth on his Curriculum Vitae, it would appear, at least on paper, that Green does possess sufficient

expertise in various marine/nautical activities to render opinions pertinent to this case. Defendant's objection, however, goes to whether the three opinions Green offers in this case exceed the permissible boundaries of Rule 702 of the Federal Rules of Evidence.

The Court finds that each of these three opinions are not admissible, largely for the reasons stated by Defendant RC Offshore, LLC. Clearly, statements in these opinions that the failure of the vessel to maintain its position during this work "was the direct cause of this incident", that "the operator of the *CHRIS R* was negligent ...", and that "there is no evidence or information that the actions or omissions [of Plaintiff] either caused or contributed to this incident" are the very questions that the jury will consider, and the very questions that will appear on the jury interrogatory form. Contrary evidence exists. Though Green's opinions may be consistent with what the jury ultimately decides, he cannot, wearing the cloak of authority of a court-accepted expert, answer the jury verdict form questions as his ultimate opinions. In other words, Green cannot, in essence, tell the jury (1) the cause (and whose fault) of the incident, (2) the Defendant was negligent, and (3) the Plaintiff's own alleged negligence did not contribute. These considerations are squarely within the jury's province, and expert testimony such as Green's is not admissible.

On the other hand, the Court finds that Green's experience might be helpful to the jury, the members of which presumably will not be familiar with marine procedures such as the one engaged in by the Plaintiff and his crew mates at the time of the incident. In this case, the Plaintiff contends that he injured his shoulder on March 13, 2014, during a transfer via a swing rope from the West Cameron 61 Platform to the *M/V CHRIS R*, a vessel owned and operated by the Defendant, RC

3

Offshore, LLC. Most, if not all, jurors will not be familiar with "a transfer via swing rope." Green's testimony regarding this process – the positioning of the vessel and various crew members, the conduct of the operation, the proper way of executing such a transfer, and the goal sought to be achieved – will be of assistance to the jury, and fall within Green's expertise. Thus, he can explain to the jury precisely what "a transfer via swing rope" is, and how it is properly done. His opinion, however, should not touch upon the testimony and facts in this case, but rather will stand as a model for which the jury may compare the facts (as they find them) to the explanation offered by Green. Therefore, Green may testify (should Plaintiff so desire) as to these facts, based upon his knowledge and experience.

Subject to the limitations set forth herein, the "Motion *in Limine* to Exclude the Expert Report and Testimony of Donald J. Green" (Rec. Doc. 22) is **GRANTED IN PART AND DENIED IN PART**.

New Orleans, Louisiana, this 12th day of February 2016.

**KURT D. ENGELHARDT**
**United States District Judge**

4